IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WASH SOLUTIONS, L.L.C. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0437-BD |
| | § | |
| AUTO SPA OF OKLAHOMA, | § | |
| L.L.C. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Defendant Auto Spa of Oklahoma, L.L.C. has filed a motion to transfer this civil action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a). Although defendant argues that transfer is warranted because 13 potential witnesses live in or around Oklahoma City, Oklahoma, defendant has provided no information about the substance of their expected testimony. *See Levy v. City of Rio Grande City*, No. 3-04-CV-0381-B, 2004 WL 2847273 at *3 (N.D. Tex. Dec. 9, 2004) (Kaplan, J.) (citing cases) (party seeking transfer due to location of witnesses, documents, and sources of proof "must specifically identify key witnesses and outline the substance of their testimony"). Nor is there any evidence that the witnesses are either unwilling or unable to travel to the Northern District of Texas for trial. Even if the witnesses cannot attend the trial in person, defendant may present their testimony by way of deposition. *Id.*; *see also Pennsylvania Machine Works, Inc. v. North Coast Remanufacturing Corp.*, Civ. A. No. 04-1731, 2004 WL 2600117 at *6 (E.D. Pa. Nov. 16, 2004) (inconvenience to witnesses did not require transfer where movant failed to explain why it could not effectively present testimony by videotaped deposition); *Tuff Torq Corp. v. Hydro-Gear Ltd. Partnership*, 882 F.Supp. 359, 363 (D. Del. 1994)

(noting that the convenience of parties and witnesses is a "somewhat antiquated" factor in light of technological alternatives available to litigants).

Other than reciting the relevant private and public interest factors that inform the court's decision on a motion to transfer venue, defendant offers no argument, much less evidence, to warrant transferring this case to the Western District of Oklahoma.  For these reasons, defendant's motion is denied.[1]

SO ORDERED.

DATED:  May 16, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court recognizes that plaintiff has not filed a response in opposition to the motion.  However, as the party seeking a change of venue, defendant bears the ultimate burden of proving that the balance of convenience and justice weighs heavily in favor of transfer.  *See Von Graffenreid v. Craig*, 246 F.Supp.2d 553, 562 (N.D. Tex. 2003) (citing cases).